IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KATHY LONG,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **2:06-cv-01139-UWC** |
| **THE UNITED STATES LIFE** ) | |
| **INSURANCE COMPANY IN THE** ) | |
| **CITY OF NEW YORK**, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON JURISDICTION**

Plaintiff, Kathy Long ("Long"), brought this action in Alabama state court claiming breach of contract for a group disability insurance policy. (Doc. 1, Compl. ¶ 5-6.) Long alleges in her Complaint that Defendant, United States Life Insurance Company in the City of New York ("U.S. Life"), failed to provide the disability benefits Long requested, and in bad faith, failed to investigate Long's claim for benefits. (Doc. 1, Compl. ¶ 5-6.)

U.S. Life filed a Notice of Removal, in this Court, based on diversity jurisdiction. (Doc. 2, Not. of Removal.) Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and where there is complete diversity of citizenship between the parties. 28 U.S.C.A. §1332(a) (2005). Diversity of citizenship is not at issue between the parties because Long is an adult resident of Alabama, and U.S. Life is a New York corporation doing business in Alabama.

The amount in controversy is at issue because Long did not seek a specific amount of damages in her Complaint. (Doc. 1, Compl.) Instead, Long alleged an amount equal to the past due benefits owed under the policy starting on January 1, 2005, her date of disability, to the

1

present.  Long also alleged punitive damage claims for mental anguish, emotional distress and anxiety.  (Doc. 1, Compl. ¶ 7.)  U.S. Life contends that the amount in controversy is met because past due benefits and future benefits alone total more than $75,000.00, even though Plaintiff's Complaint did not include a claim for future benefits.  (Doc.2, Not. of Removal ¶ 9-13.)  In support of this contention, U.S. Life provides calculations based on past and future benefits through age 65, paying 60% of Long's basic monthly earnings of $1,442.65, which totals $194,757.75.  (Doc. 2, Not. of Removal ¶ 13.)  Based on these calculations, U.S. Life specified that the total amount in controversy, not considering the potential damages would amount to at least $194,757.75.  (Doc. 2, Not. of Removal ¶ 13.)

     This Court is obligated to raise the question of subject matter jurisdiction *sua sponte*. *See, e.g., Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001)("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*.")  When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375 (1994).  Under Eleventh Circuit precedent, "a defendant who has removed to federal court a case in which a plaintiff seeks less than the jurisdictional amount can remain in federal court if he shows to a legal certainty that, if the plaintiff prevails on the merits, an award below the jurisdictional amount would be outside the range of permissible awards." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

     U.S. Life failed to satisfy its burden of proving to a legal certainty that an award below the jurisdictional amount would be outside the range of permissible awards.  U.S. Life attempted

to calculate the amount in controversy by calculating both past and future benefits of Long's disability policy. However, Long's Complaint did not seek future benefits. Because Long did not include a claim for future benefits, they will not be considered by this Court in determining whether the jurisdictional amount has been met. Therefore, U.S. Life's argument of combining both past and future benefits fails to demonstrate that an award below the jurisdictional amount is outside of the range of permissible awards.

In further support of removal, U.S. Life asserts that damages for mental anguish, emotional distress, and anxiety should be considered in computing the amount in controversy requirement. (Doc. 2, Not. of Removal ¶ 12.) To support this assertion, U.S. Life cites cases where the award for punitive damages exceeds the jurisdictional amount. (Doc. 2, Not. of Removal ¶ 12.)  The Eleventh Circuit has held that "mere citations to what has happened in the past does nothing to overcome the indeterminate and speculative nature" of unspecified damages in a case. *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003). Therefore, U.S. Life's citations to prior awards provide no definitive numerical amount that this Court may use to determine whether the amount in controversy t has been met.

Accordingly, by separate order, this action shall be REMANDED to the Circuit Court of Jefferson County, Alabama, for want of jurisdiction.

Done the 28th day of July, 2006.

_____
U.W. Clemon
Chief United States District Judge